UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Barbara Closson, ) | |
| ) | Civil Action No.: 4:19cv2748 DCC |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| Encore Capital Group, Inc., ) | |
| Midland Credit Management, Inc., ) | JURY TRIAL DEMANDED |
| and Midland Funding, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Barbara Closson, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq* (hereinafter "FDCPA"), and for statutory damages for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of South Carolina common law set forth herein.

### JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in that the Defendants transacted business here, and the Plaintiff

resides here.

## PARTIES

4. Plaintiff, Barbara Closson, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

5. Defendant Encore Capital Group, Inc. ("Encore"), is a Delaware corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, California 92123. Encore may be served with process through its registered agent for service of process, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant Encore is a "debt collector" as that term is defined by FDCPA 15 U.S.C. § 1692a(6).

6. Defendant Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 8875 Aero Dr., Suite 200, San Diego, California 92123. MCM may be served with process through its registered agent for service of process, Corporation Service Company, 1703 Laurel St., Columbia, South Carolina 29201. In all respects and at all times relevant herein, MCM was doing business in the state of South Carolina. Defendant MCM is a "debt collector" as that term is defined by FDCPA 15 U.S.C. § 1692a(6).

7. Defendant Midland Funding, LLC ("Midland"), is a Delaware corporation that may be served with process by way of its registered agent, Corporation Service Company,

       1703 Laurel St., Columbia, South Carolina 29201. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division. Defendant Midland is a "debt collector" as that term is defined by FDCPA 15 U.S.C. § 1692a(6).

8. Defendant Midland is the debt purchasing arm of Defendants Encore and MCM. Defendant Midland does not employ any individuals. All actions done by Defendant Midland as described herein were done on behalf of Defendant Midland by Defendants MCM and Encore. Defendants will be referred to collectively herein as "Defendants Midland."

9. Defendants Encore, Midland and MCM all acted in concert with the other in the actions as described below. The actions of each individual Midland Defendant was done for the benefit of itself, as well as the other two Midland Defendants.

## FACTUAL ALLEGATIONS

10. On or about April 21, 2018, Plaintiff's account was sold to Defendants. Thereafter, Defendants began a systematic campaign of harassment against Plaintiff by calling Plaintiff up to four (4) times per day almost every day on each of her cellular telephone numbers in an attempt to collect an alleged debt. The calls continued through July, 2019.

11. Every call made by Defendants to Plaintiff was in an attempt to collect an alleged debt, was made with the intent and purpose to harass, annoy and/or coerce the

       Plaintiff into paying an alleged debt, and was made after Plaintiff made clear to Defendants that she wanted all telephone calls to stop.

12. Plaintiff received calls from Defendants from multiple different numbers, including from 623-745-3827 and 619-354-6301.

13. As an example, on June 19, 2019, Plaintiff received a total of seven (7) calls from the Defendants.  On June 20, 2019, Plaintiff received a total of eight (8) calls from the Defendants.  This was Defendants' regular practice.

14. Upon information and belief, a number of calls placed to Plaintiff's cellular telephones were made through Defendants' use of an automatic telephone dialing system as defined by 47 U.S.C. §227.

15. Defendants repeatedly called Plaintiff on numbers that were assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

16. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephones by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).  Defendants knew, or should have known, that they were calling Plaintiff's cellular telephone numbers without express consent.

17. To the extent that Plaintiff is alleged to have provided express consent to Defendants to be called, Plaintiff revoked same multiple times by requesting Defendants to stop calling her.

18. None of Defendants' telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

19. The telephone calls made by Defendants were in violation of 47 U.S.C. §227(b)(1).

20. On April 30, 2019, Defendants brought suit against Plaintiff claiming Plaintiff owed $1,225.29 on an account. Said amount was a lump sum presented to be all principal.

21. As part of its Complaint, Defendants filed an affidavit of Melanie Rosenberger, an employee of MCM, termed at the bottom of the affidavit, "AFFRECORD." As part of the affidavit, Ms. Rosenberger stated under oath that she was a "Legal Specialist" and had "access to pertinent account records for Midland Credit Management, Inc. ('MCM')." She further stated that she made this statement "based upon personal knowledge of those account records maintained on Plaintiff's behalf." Additionally, she stated that "[Defendants are] the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Plaintiff's SYNCHRONY BANK account." She further stated under oath that she had "access to and ha[d] reviewed the electronic records pertaining to the account maintained by MCM and [is] authorized to make this affidavit on [Midland's] behalf." She continued stating, "I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account." The affidavit was notarized in the State of Minnesota by Ashley Rae Meline.

22. In her affidavit, Rosenberger made false, misleading, unfair and deceptive statements

including that her statements were "based upon personal knowledge" and that she had "personal knowledge" of all relevant financial information concerning Plaintiff's alleged account.

23. Rosenberger did not have personal knowledge of the information in her Affidavit concerning the alleged account.

24. Rosenberger did not have personal knowledge of all relevant financial information concerning the alleged account.

25. Rosenberger did not, at the time she signed the affidavit, have any personal knowledge regarding the Defendants' alleged ownership or the details of the alleged account.

26. On July 15, 2019, by and through her counsel, Plaintiff filed an answer to the Defendants collection lawsuit. A copy of said lawsuit was served on Defendants by and through their counsel.

27. Following receipt of Plaintiff's Answer and notice that she was represented by counsel, Defendants continued calling Plaintiff in an attempt to collect on a debt.

28. Instead of providing actual admissible evidence of the proof required in a collection lawsuit, Defendants hire employees as "Robo-signers". The Robo-signers sign several hundred affidavits a day falsely claiming that they are a business records custodian with personal knowledge of the facts. They falsely claim in the affidavit knowledge of the assignment(s) of the debt, the amount of the debt, the interest rate,

        the default date of the debt, the alleged credit card terms and conditions, and the record keeping procedures.

29.      On August 11, 2009, United States District Court Judge David Katz of the Northern District of Ohio, in an Order on Summary Judgment, determined that the standard form affidavit used by the Defendants was "patently false." Further, the Court found that Midland Funding, LLC and Midland Credit Management, Inc.'s had violated FDCPA § 1692e in its use of a false, deceptive and misleading affidavit in its attempt to collect a debt. *See Midland Funding, LLC v. Brent*, 644 F. Supp. 2d 961(2009).

## COUNT ONE
### (Violation of the Fair Debt Collection Practices Act)

30.      Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 29 as if set forth fully herein.

31.      Since at least September 26, 2018, Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to Plaintiff and an alleged consumer debt. Defendants are debt collectors as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

32.      Defendants violated §1692c(a)(1) by contacting Plaintiff at a time or place Defendants knew or should have known was inconvenient to Plaintiff.

33.      Defendants violated §1692c(a)(2) by contacting Plaintiff after Defendants knew or should have known that Plaintiff was represented by counsel.

34.      Defendants violated §1692d by engaging in conduct the natural consequence of which

was to harass, oppress, or abuse Plaintiff by repeatedly telephoning Plaintiff with the intent to annoy, abuse, or harass Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

35. The Defendants served on Plaintiff and filed an affidavit containing false and misleading statements as proof of the existence, amount and status of an alleged debt in violation of 15 U.S.C. §§ 1692e and 1692f.

36. As a proximate result of Defendants' actions, Plaintiff was caused to incur out of pocket costs to defend the collection action, and was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which she seeks the maximum statutory damages, actual damages, plus attorneys' fees and costs.

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

37. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 36 as if set forth fully herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

40. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 39 as if set forth fully herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Negligent Training and Supervision)

43. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 42 as if set forth fully herein.

44. Defendants knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

45. Defendants knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the FDCPA and TCPA.

46. Defendants negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

47. As a result of Defendants' negligence, Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Reckless and Wanton Training and Supervision)

48. Plaintiff hereby adopts all of the allegations set forth in paragraphs 10 through 47 as if set forth fully herein.

49. Defendants knew or should have known of its inadequate training and supervision. If Defendants had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon Plaintiff would not have occurred.

50. Defendants knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA and the TCPA.

51. Defendants recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

52. As a result of Defendants' recklessness and wantonness, Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering pain and anguish.

**AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands as follows:

A. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars from each Defendant for their violations of the FDCPA, as well as attorney's fees and costs;

B. Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

C. Treble statutory damages of $1,500.00 for each and every call made to Plaintiff's cell phone by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

D. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendants' negligent training and supervision, and reckless and wanton training and supervision; and

E. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323

/s/ William K. Geddings
William K. Geddings, Fed. ID No. 12584
Attorneys for Plaintiff

**OF COUNSEL**:
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

Encore Capital Group, Inc.
c/o Corporation Service Company, Registered Agent
251 Little Falls Drive
Wilmington Delaware 19808

Midland Credit Management
c/o Corporation Service Company, Registered Agent
1703 Laurel Street
Columbia, SC 29201

Midland Funding, LLC
c/o Corporation Service Company, Registered Agent
1703 Laurel Street
Columbia, SC 29201